### BELL et al. v. McDONNELL.

No. 20753. Opinion Filed Feb. 16, 1932.

Rehearing Denied March 29, 1932.

Hughes & Ellinghausen, for plaintiffs in error.

Walker & Lewis and J. R. Brewster, for defendant in error.

HEFNER, J. This is an action brought in the district court of Creek county by R. L. McDonnell against A. J. Bell and others to recover damages for personal injuries alleged to have been caused by the negligence of defendants. The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff in the sum of $8,500. Defendants have appealed and contend that the evidence is insufficient to support the judgment and that the court erred in overruling their motion for a directed verdict.

It is conceded that defendants, at the time of the alleged injuries, were engaged in drilling an oil well which is a hazardous occupation within the meaning of the Workmen's Compensation Act, and that plaintiff was injured while in their employ and working on the well. It is also conceded that defendants did not carry compensation insurance as provided by the act.

Plaintiff elected to sue for common-law damages rather than file his claim for compensation before the Industrial Commission. He had a right to so elect. Section 7286, C. O. S. 1921. Since he did so elect, it was necessary that he plead and prove that he was injured because of the primary negligence of defendants in order to sustain a recovery. The mere fact that defendant might have been held liable for compensation under the Workmen's Compensation Act, independent of the question of negligence, does not relieve plaintiff from alleging and proving primary negligence when he elects to sue to recover common-law damages. Eagle Creek Oil Co. v. Gregston, 99 Okla. 181, 226 P. 339, in the first paragraph of the syllabus, announces the following rule:

"In a law action by a servant against a master for personal injury suffered in the course of employment, the burden rests upon the plaintiff to allege and prove primary negligence. The provisions of Comp. Stat. 1921, sec. 7285, apply only to proceedings by an injured employee for compensation under the Workmen's Compensation Law, and do not relieve him from the necessity of proving actionable negligence when he elects to sue for damages under the provisions of Comp. Stat. 1921, sec. 7286. Instructions which permit recovery in such action merely upon proof of employment and injury are prejudicially erroneous."

The evidence shows that plaintiff sustained injuries while in the employ of defendants, but in our opinion it is insufficient to show primary negligence by the defendants. The evidence, in substance, discloses that plaintiff was employed by defendants as a tool dresser while engaged in drilling the well; and that on October 3, 1926, while running a string of fishing tools into the well, the bull rope caught in the bull-wheel and broke, and threw the rope against plaintiff's arms and hands, causing severe injuries.

Plaintiff, in his petition, alleges that defendants were guilty of negligence in the following particulars: That they failed to furnish him a safe place in which to work; failed to furnish him safe tools with which to work; and that the bull-wheel was run and operated at an excessive and dangerous

rate of speed which caused a suction and threw the bull rope into the bull-wheel.

The record discloses the following facts: On the day he was injured, he was working as a tool dresser with Loyal B. Bly, and at the time the hole was standing full of water, and he and Bly were engaged in a fishing job. A spear was being lowered into the hole. The drilling was being done with a standard rig and standard equipment, and with the usual safety devices in and about the rig and tools. The drilling operations were carried on with cable tools. The fish-spear was attached to a wire cable which ran over the pulley on the crown block of the rig. This cable was attached to a shaft in the rig around which the cable would wind itself as the fishing spear came out of the hole. Near the end of the shaft is attached what is known as a bull-wheel, which has a groove cut in the outside surface thereof in which groove operates what is known as the bull-wheel rope, a grass or manilla cable of the diameter of two or two and a half inches. When the fishing spear was being run into the hole, the bull-wheel on the shaft was running toward the hole. The bull-wheel had fastened and attached to the outside of it, and down along a spoke, a cleat which projected beyond the outer surface of the wheel about two or two and a half inches. This was used in running the manilla cable on the bull-wheel in pulling the spear or the tools out of the hole.

The rope was used as a belt, and when the tools were being pulled out of the well, it was used and ran in the groove on the outside of the bull-wheel and was attached to another wheel which was connected with the engine and furnished the power to raise the tools out of the hole. That was the function of the rope or belt. When the tools were being lowered into the hole, the rope was disconnected and was not in use because the tools were lowered by gravity. The rope or belt was only used when the tools were being pulled out of the hole. The accident occurred while the tools were being lowered into the hole. At the time of the accident, the rope was performing no service whatever, but was lying idle on the floor. It is clear from the evidence that plaintiff's injuries occurred because the bull rope was caught in the bull-wheel which caused the rope to break and strike plaintiff. We think, however, there is no evidence which shows that the rope was caught by the bull-wheel because of the negligence of defendants. The allegation that the bull-wheel was operated at an excessive and reckless rate

of speed is not sustained by the evidence. Plaintiff, on this feature of the case, testified that the bull-wheel was not operated at an unusual rate of speed. There is no evidence which tends to establish, in any degree, that the rope was drawn into the wheel by suction caused by excessive speed.

Plaintiff testified that the bull-wheel was equipped with a cleat which extended over the rim of the wheel about two and a half inches, and that the rope was, in all probability, picked up by the cleat and thrown into the wheel; and that it appeared to him reasonable that this is the manner in which the accident occurred. We think this theory correct and that no other inference can be drawn from the evidence than that it did so occur. If this theory be correct under the evidence offered by plaintiff, he alone is to blame for the accident. He testified that it was his duty, when the rope was thrown off the bull-wheel, to see that it was placed a safe distance from the wheel so that it would not be picked up by the cleat on the wheel. He further testified that no other person connected with the work was charged with this duty.

In our opinion, the only conclusion which can be reached from this evidence is that plaintiff, in throwing the rope from the bull-wheel, permitted it to light under or so close to the wheel that it was picked up by the cleat and thrown into the wheel. If the accident did not occur in this manner, plaintiff has failed to prove how it did occur.

He testified that the rope in question was an old one, and that, in his opinion, if it had been new it might not have been broken by the bull-wheel, and the accident might have been avoided. If the rope had been broken while the tools were being drawn from the hole, then his evidence that it was an old rope would probably be sufficient to take the case to the jury. But the accident did not occur while the rope was being used for the purpose for which it was used in the drilling operations. It was lying idle and was performing no service whatever, and, by some means, while it was lying idle on the floor, it was caught in the bull-wheel, and, as the result, the accident occurred.

Plaintiff urges that the evidence is sufficient to authorize a finding that defendants were negligent in failing to furnish him with safe tools with which to work. The only defect in the machinery he has attempted to establish is that the rope was old. A sufficient answer to this is that the rope was not in use when the accident occurred. If

it had broken while it was lifting the tools out of the hole, and, as a result of the break of the rope, plaintiff was injured, then we think the evidence would be sufficient to take the case to the jury on that question. But such is not the case. The rope was not in use when the accident occurred. The accident was caused by the picking up of the rope, while it was idle on the floor, by the bull-wheel, and there is no evidence that this was caused by the negligence of defendants.

We do not think the evidence is sufficient to establish primary negligence on the part of .the defendants, and it follows that the judgment must be reversed, with directions to dismiss.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and McNEILL, J., dissent.